UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:16-cr-00142-1 |
| MICHAEL CALLOWAY, JR., | ) ) ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

The Joint Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) seeks to reduce Michael Calloway, Jr.'s sentence from 180 months to 160 months. Calloway seeks this reduction due to the United States Sentencing Commission's Amendment 821, Subpart A that retroactively reduces status points for defendants who have 7 or more criminal history points.

### I.  FACTUAL BACKGROUND

Calloway pleaded guilty to being a felon in possession of ammunition and felon in possession of firearms, in violation of 18 § U.S.C. 922(g)(1). At the time of sentencing, Calloway had 8 criminal history points and received an additional 2 criminal history points because he committed the instant offense while under a criminal justice sentence. This resulted in a total of 10 criminal history points and a criminal history category of V. A total offense level of 30 and a criminal history category of V resulted in a guideline range of 151-188 months' imprisonment.

### II.  STANDARD OF REVIEW

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." Freeman v.

1

United States, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ..., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" United States v. Riley, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." Id. (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" United States v. Thompson, 714 F.3d 946, 949 (6th Cir. 2013) (quoting Dillon v. United States, 560 U.S. 817, 826 (2010)). Section 1B1.10 recommends that the Court consider any danger to the public created by any reduction in a Defendant's sentencing, §1B1.10 cmt.n.1(B)(ii), as well as Defendant's post-sentencing conduct. Id. at n.1(B)(iii). The Court cannot reduce a Defendant's term of imprisonment to a term less than the amended guideline, § 1B1.10(b)(2)(A), (C), unless the Defendant's original sentence was below guidelines due to Defendant's substandard assistance to law enforcement as reflected in a government motion for such a reduction. Id.

### III. ANALYSIS

Amendment 821 revises Section 4A1.1's addition of "status points" to a defendant's criminal history points if the defendant committed the offense of conviction while under a criminal justice sentence. Id. Section 4A1.1(d) previously provided for two criminal history points to be added if the defendant committed the offense of conviction while under any criminal justice sentence. Id. Now, Section 4A1.1(e) provides for the addition of one criminal history point "if the defendant: (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Id. A defendant with less than seven criminal history points receives no additional "status points" under § 4A1.1. Id.

Applying the first step, the Supplemental PSR concludes that Calloway's criminal history points decrease from 10 to 8, which places him in Criminal History IV. However, Calloway receives an additional criminal history point because he had 8 criminal history points. See U.S.S.G § 4A1.1(e). A total of 9 criminal history points results in a criminal history category of IV. A total offense level of 30 and a criminal history category of IV results in an amended guideline range of 135–168, which is lower than his previous guideline range of 151–188 months.

Although it appears that Calloway is eligible for a sentence reduction, when he entered a plea of guilty, he waived relief under 18 U.S.C. § 3582(c)(2). (Doc. No. 407 at 10). However, for non-substantive reasons (Doc. No. 635), the government will not enforce Calloway's waiver under 18 U.S.C. § 3582(c)(2). The government joins Calloway's request for a sentence of 160 months.

Now, the Court turns to the second step, whether the § 3553(a) factors support a reduction of his sentence. The Court determines that factors similar to the ones that applied at defendant's initial sentencing also apply at this time. The crimes Calloway committed were violent and

serious. However, he grew up in an adverse environment, with absent parents and exposure to drugs, such as marijuana and cocaine at a very young age. Even though Calloway has a criminal history, he was barely an adult when he committed the crimes and instant offense. Since Calloway has been in custody since March 4, 2019, he has not incurred any disciplinary infractions. To date, he has made good use of his time in custody by completing a drug education course, as well as courses on carpentry, masonry, foundations of business, marketing, resume writing, flipping houses, personal growth, money management and building credit.

Before the execution of Amendment 821, the parties expected Calloway's range to be 151-188 and agreed to a sentence of 180 months. (Doc. No. 639 at 2). Now, Calloway's amended range is 135-168 and the sentence should be reduced to 160, so that it still falls in roughly the same place within his guideline range. This ensures that his sentence appropriately balances the aggravated nature of the crime and the mitigating nature of Calloway's personal history and youthfulness. Again, these are the same factors the Court considered at his initial sentencing, so a sentence of 160 months' imprisonment is sufficient, but not greater than necessary to serve the purposes of § 3553(a) as it still reflects the seriousness of the offense and promotes respect for the law.

## IV. CONCLUSION

The Joint Motion is **GRANTED** and effective February 1, 2024, Calloway's sentence in Case No. 3:16-cr-00142 is 160 months to run concurrently with the 180 months sentence he received in Case No. 3:15-cr-00064.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE